UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CFBP, LLC,

           Plaintiff,

v.                                    Case No.  8:09-cv-2322-T-33AEP

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

           Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Defendant's Motion to Dismiss Second Amended Complaint (the "Motion" Doc. # 12), filed on January 22, 2010.  Plaintiff, filed a Response in Opposition to the Motion on February 24, 2010. (Doc. # 16). For the reasons that follow, the Court will deny the Motion.

## I.   Factual Background and Procedural History

Plaintiff CFBP is a Florida limited liability company and is the mortgagor under a Mortgage and Security Agreement (the "Agreement"). (Doc. # 7 at ¶ 2).  Defendant Bank is the mortgagee under the Agreement.  (Id. at ¶ 3).  The mortgaged property under the Agreement is a multi-building, multi-tenant industrial warehouse in Polk County, Florida with approximately 970,855 rentable square feet (the "Property"). (Id. at ¶ 2, 9).

On February 11, 2008, a fire damaged approximately 126,000 rentable square feet of the Property. (Id. at ¶ 11). As required by the parties' Agreement, Plaintiff carried a comprehensive all risk insurance policy that provided full replacement cost coverage for the fire damage and also carried business income insurance in an amount equal to one hundred percent of the projected gross income from the Property for a period of twelve months. (Id. at ¶¶ 12-13).

Defendant is in possession of the insurance proceeds, which total $8,805,053.58 (the "Restoration Proceeds"). (Id. at ¶¶ 15-17). Plaintiff requested the Restoration Proceeds from Defendant and its agents, and was denied use of the Restoration Proceeds. (Id. at ¶¶ 18-28). Plaintiff contends, "Bank is knowingly and in bad faith impairing the current and future value of the Property and impairing CFBP's ability to service the Loan." (Id. at ¶ 28).

On November 13, 2009, Plaintiff filed suit against Defendant (Doc. # 1), and on December 28, 2009, Plaintiff filed its amended complaint (the operative complaint) against Defendant containing the following counts: breach of contract for wrongful retention of Restoration Proceeds (count one), breach of contract for improper collection and retention of Replacement Account (count two), breach of the covenant of

good faith and fair dealing (count three), declaratory judgment (count four), imposition of constructive trust (count five), action for temporary injunction (count six), and action for an accounting (count seven). (Doc. # 7).

Defendant filed the Motion on January 22, 2010, seeking dismissal of each complaint count arguing, among other things, that "Borrower's claims are, in all instances, either barred outright by the mortgage and security contract that it appends to its Second Amended Complaint as Attachment 1, or directly refuted by the unambiguous terms of the contract." (Doc. # 12 at 1).

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. Analysis

In this diversity case, the Court applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. Tech. Coating Apps., Inc. v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). Furthermore, this Court must apply Florida law in the same manner that the Florida Supreme Court would apply it. Brown v. Nicholas, 8 F.3d 770, 773 (11th Cir. 1993).

### A. The Agreement

Plaintiff attached the voluminous Agreement to the operative complaint. As a threshold matter, the Court notes that the Motion has not been converted into a motion for summary judgment because the Court has not considered matters

outside the pleadings.[1]  "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)).

The incorporation by reference doctrine allows the Court to consider a document attached to the pleadings without converting a Rule 12(b) motion into a motion for summary judgment if the document is central to the claim and its authenticity is not challenged.  <u>Dawley v. NF Saving Corp. of Am.</u>, 6:07-cv-872-Orl-DAB, WL 4534263, at *1 (M.D. Fla. Oct. 6, 2008).

Both sides have drawn the Court's attention to various provisions of the Agreement, and the authenticity of the Agreement has not been challenged.

Defendant Lender is in possession of the $8,805,053.58 in

---

[1] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent by such a motion . . ."  Fed. R. Civ. P. 12(c); <u>see</u> <u>Bankers Ins. Co.</u>, 137 F.3d at 1295 (stating that a court may consider judicially noticed facts as an exception to the conversion and notice rules).

Restoration Proceeds and seeks to dismiss each count of the complaint.  The Court denies Defendant's Motion as follows.

B.  **Waiver of Remedies**

Under Florida law, "if an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss." Fladell v. Palm Beach County Canvassing Bd., 772 So.2d 1240, 1242 (Fla. 2000).  Defendant points to language in the contract which, at first blush, appears to negate Plaintiff's claims against Defendant (with the exception of Plaintiff's claims for declaratory and injunctive relief). Defendant specifically relies on Section 10.13 of the Agreement:

> In the event that a claim or adjudication is made that Lender or its agents have acted unreasonably or unreasonably delayed acting in any case where by law or under this Security Instrument or the other Loan Documents, Lender or such agent, as the case may be, has an obligation to act reasonably or promptly, Borrower agrees that neither Lender nor its agents shall be liable for any monetary damages, and Borrower's sole remedies shall be limited to commencing an action seeking injunctive relief or declaratory judgment.  The parties hereto agree that any action or proceedings to determine whether Lender has acted reasonably shall be by an action seeking declaratory judgment.

Defendant argues that this section of the Agreement "forbids and precludes precisely the type of claims that

Borrower has brought in this lawsuit. Borrower is specifically contractually precluded from brining claims of any kind for monetary damages premised on allegedly unreasonable or untimely actions, or failures to act by Lender or its agents." (Doc. # 12 at 2). The Court has evaluated this clause carefully and determines that it is not a wholesale waiver of Plaintiff's contractual rights.

Plaintiff's complaint is neither an action to determine "whether Lender has acted reasonably" nor a charge that Defendant, or its agents, has "unreasonably delayed." Plaintiff's breach of contract counts (count one and two) complain of wrongful retention of Restoration Proceeds and Improper Collection and Retention of Replacement Account. Rather than objecting to the "reasonableness" or "unreasonable" of Defendant's actions, Plaintiff contends that Defendant has violated a specific and concrete contractual provision, Section 4.3 of the Agreement, concerning Restoration Proceeds.

Likewise, Plaintiff's complaint counts for breach of the covenant of good faith and fair dealing (count three), imposition of constructive trust (count five), and action for accounting (count seven) are not barred by Section 10.13 of

the Agreement.[2]   These counts do not concern the "reasonableness" of Defendant's actions. Rather, they concern Defendant's alleged violation of a specific contractual provision, Section 4.3.[3]

**C.    Specific Complaint Counts**

Now that the Court has determined that Plaintiff is not limited to bringing an action for declaratory or injunctive relief, the Court will address the sufficiency of the challenged complaint counts.

**1.    Constructive Trust**

Defendant asserts that the Agreement bars Plaintiff's

---

[2]  Plaintiff's declaratory judgment and temporary injunction counts (counts four and six, respectively) are not subject to Section 10.13's purported waiver of claims against Defendant.

[3]  Section 4.3(b) entitled "Restoration" provides in pertinent part:

> (b) If the Net Proceeds are equal to or greater than $250,000 or the costs of completing the Restoration is equal to or greater than $250,000 **Lender shall make the Net Proceeds available for the Restoration** in accordance with the provisions of this Subsection 4.3(b). The term "Net Proceeds" for purposes of this Section 4.3 shall mean: (1) the net amount of all insurance proceeds received by the Lender ... as a result of such damage or destruction....

(emphasis added)

8

complaint count for constructive trust. Defendant focuses on Section 6.1, describing the debtor/creditor relationship between the parties:

> The relationship between Borrower and Lender is solely that of debtor and creditor, and **Lender has no fiduciary or other special relationship with Borrower** and no term or condition of any of the Note, this Security Instrument and the other Loan Documents shall be construed as to deem the relationship between Borrower and Lender to be other than that of debtor and creditor.

(Emphasis added).

Under Florida law, "the elements of a constructive trust are: (1) a confidential relationship, by which (2) one acquires an advantage he should not, in equity and good conscience, retain." <u>Bender v. Centrust Mortgage Corp.</u>, 51 F.3d 1027, 1030 (11th Cir. 1995)(internal citation omitted). <u>See also</u>, <u>Bergmann v. Slater</u>, 922 So.2d 1110, 1112 (Fla. 4th DCA 2006)("The elements for a constructive trust are: (1) a promise; (2) transfer of the property and reliance thereon; (3) a confidential relationship; and (4) unjust enrichment").

At the time of the Agreement, a confidential relationship did not exist between the parties as Lender and Borrower, and this was ensconced in the Agreement. However, it would appear that, at moment that the Lender was entrusted with the $8,805,053.58 in Restoration Proceeds, a confidential

9

relationship arose.  As stated in <u>Bender</u>, "A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." 51 F.3d at 1029-30.  Plaintiff Borrower, thus, correctly contends, "Lender first holds the Restoration Proceeds for the benefit of the Property and Borrower, not solely for Lender's own benefit or gain, and Lender's receipt of the insurance proceeds under such specific circumstances creates a relationship of confidence between Lender and Borrower as to those funds." (Doc. # 16 at 15).

For these reasons and at this preliminary stage of the proceedings, the Court is satisfied that Plaintiff has plead the elements necessary to bring a constructive trust claim against Defendant.

> **2.** **<u>Breach of Contract and Duty of Good Faith and Fair Dealing Claims</u>**

Defendant contends that the following provisions in the Agreement bar Plaintiff's claims for damages as asserted in counts one through three, for breach of contract and breach of the duty of good fath and fair dealing:

> Section 10.7(b)
> It is agreed that the risk of loss or damage to the Property is on Borrower, and Lender shall have no liability whatsoever for decline in value of the

Property ....

Section 1.1
**Borrower does hereby irrevocably mortgage**, **grant,
bargain, sell, pledge, assign, warrant, transfer
and convey to Lender**, and grant a security interest
to Lender in, the following property, rights,
interests, and estates now owned, or hereafter
acquired by the Borrower ... (1) **all proceeds of
and any unearned premiums on any insurance policies
covering the Property**, including, without
limitation, **the right to receive and apply the
proceeds of any insurance**, judgments, or
settlements made in lie thereof, **for damages to the
Property**.

(Emphasis added)

Section 2.1
The Security Instrument and the grants, assignments
and transfers made in Article 1 are given for the
purpose of securing the payment of the Debt and the
performance of the Other Obligations, in such order
of priority as **Lender may determine in its sole
discretion.**

(Emphasis added).

Section 3.2
(a) Borrower shall obtain and maintain, or cause to
be maintained, insurance for Borrower and the
Property ... (d) All Policies of insurance ...
shall name Lender and Borrower as the insured or
additional insured ... And in the case of property
damage ... shall contain a "mortgage clause" in the
form acceptable to Lender providing, among other
things, ... that **the loss thereunder shall be
payable to Lender.**

(Emphasis added).

10.2
The purchase money, proceeds and avails of any
disposition of the Property, or any part thereof,

> or any other sums collected by Lender pursuant to
> the Note, this Security Instrument or the other
> Loan Documents, **may be applied by Lender to the**
> **payment of the Debt in such priority and**
> **proportions as Lender in its discretion shall deem**
> **proper.**

(Emphasis added).

> 10.7(c)
> Lender may resort for the payment of the Debt to
> any other security held by Lender in such order and
> manner as Lender, in its discretion, may elect.

Defendant argues that these provisions in the Agreement give Defendant unfettered discretion as to how insurance proceeds should be applied. Plaintiff characterizes Defendant's cited language as boilerplate, and correctly argues that, under Florida law, "it is a general principle of contract interpretation that a specific provision dealing with a particular subject will control over a different provision dealing only generally with that same subject." Kel Homes, LLC v. Burris, 933 So.2d 699, 703 (Fla. 2d DCA 2006).

In this case, concerning the application of Restoration Proceeds after damage to the Property, the Court determines that the more specific obligations imposed upon Lender in Section 4.3(b) control over the more general provisions that Lender relies upon in the Motion, replicated above. Hence, where Borrower makes application under Section 4.3(b) to restore the Property, Lender does not have the broad

12

discretion to apply the insurance proceeds that Lender claims under Section 1.1. Similarly, while Sections 3.2(a) and 3.2(d) may result in the delivery of the insurance proceeds to Lender after damage to the Property, Section 4.3(b) specifically explains the manner in which Lender <u>shall</u> use those proceeds once received, as well as Borrower's specific rights to such proceeds.

Because the Complaint alleges that Borrower met all of the conditions set forth in Section 4.3(b) of the Agreement and Lender refused to release the Restoration Proceeds to Borrower, Borrower has alleged a claim for breach of contract, and the Motion is denied as to Borrower's breach of contract claims.

The same reasoning applies to Borrower's breach of the implied duty of good faith and fair dealing claim. The duty of good faith and fair dealing is implied in every contract in the state of Florida. <u>Cox v. CSX Intermodal, Inc.</u>, 732 So.2d 1092, 1097 (Fla. 1st DCA 1999)("It is axiomatic that every contract includes not only its written provisions, but also the terms and matters which, though not actually expressed, are implied by law, and these are as binding as the terms which are actually written or spoken.... One of the implied contract terms ... is the implied covenant of good faith, fair

13

dealing, and commercial reasonableness.")(internal citations
omitted).

A claimant asserting a cause of action for breach of the
implied covenant of good faith and fair dealing must allege a
failure or refusal to discharge contractual responsibilities,
prompted not by an honest mistake, bad judgment or negligence;
but rather by a conscious and deliberate act, which unfairly
frustrates the agreed common purpose and disappoints the
reasonable expectations of the other party, thereby depriving
that party of the benefits of the agreement. Mount Sinai Med.
Ctr. of Greater Miami v. Hendrick, 329 F. Supp. 2d 1309, 1313
(S.D Fla. 2004).

Further, "where the terms of the contract afford a party
substantial discretion to promote that party's self-interest,
the duty to act in good faith nevertheless limits that party's
ability to act capriciously to contravene the reasonable
contractual expectations of the other party." Cox, 732 So.2d
at 1097-1098.

The Eleventh Circuit has cautioned that "a cause of
action for breach of the implied covenant cannot be maintained
in derogation of the express terms of the underlying
contract." Burger King Corp. v. Weaver, 169 F.3d 1310, 1318
(11th Cir. 1999). However, at this juncture, the Court

14

determines that Plaintiff has pled a cause of action for breach of the implied covenant of good faith and fair dealing. The purported wavier of Plaintiff's contractual rights does not divest Plaintiff of the opportunity to maintain an action against Lender for breach of the implied covenant, and the operative complaint has sufficiently pled the elements necessary to maintain such a cause of action against Defendant.

### 3.  **Declaratory and Injunctive Relief**

Defendant asserts that Plaintiff's declaratory relief count should be dismissed because there is no "doubt" as to the parties rights under the Agreement.  Specifically, Defendant contends:

> All of Borrower's professed "doubt" about what those aspects of its Agreement mean could lead it exactly nowhere in any event, because Borrower also specifically agreed in Section 10.7(b) of the Agreement that  all "risk of loss or damage to the Property is on Borrower, and Lender shall have no liability whatsoever for decline in value of the Property." Obviously, the Declaratory Judgment Act was not brought into being so that a party whose aspirations are unambiguously and soundly precluded by a bevy of contractual provisions can profess "doubt" as to those provisions and thereby sustain an unavailing contractual claim.

(Doc. # 12 at 12).

Lender's arguments are insufficient to dismiss Borrower's declaratory judgment count.  Borrower alleged in its complaint

15

that "CFBP is in doubt about its rights and duties, including without limitation those under the Agreement to receive the Restoration Proceeds, to continue servicing the mortgage debt, and about the rights, if any, of U.S. Bank to apply the Restoration Proceeds to CFBP's outstanding indebtedness under the Note.  There exists a bona fide, actual, present and practical need for this Court's declaration of the parties' rights under the Agreement (Doc. # 7 at ¶ 55-56).

The purpose of a declaratory judgment is to afford parties relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations. Martinez v. Scanlan, 582 So.2d 1167, 1170 (Fla. 1991).  The Court finds that the complaint's allegations satisfy the requirements for bringing an action for declaratory relief under Santa Rosa County v. Admin. Comm'n, 661 So.2d 1190, 1192-1193 (Fla. 1995), which held:

> Parties who seek declaratory relief must show that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to the state of the facts; that some immunity, power, privilege, or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before

16

the court by proper process or class representation
and that the relief sought is not merely the giving
of legal advice by the court or the answer to
questions propounded from curiosity.

Id. (citing May v. Holley, 59 So.2d 636 (Fla. 1995)).

Thus, upon due consideration, and at this early stage of
the proceedings, the Court declines to dismiss Borrower's
declaratory relief count.

Likewise, Lender seeks dismissal of Borrower's complaint
count seeking a temporary injunction, arguing, "Borrower fails
to state a claim upon which relief can be granted because
Borrower failed to establish the absence of an adequate remedy
at law; and it is facially apparent from the Second Amended
Complaint that Borrower, at least, believes that it does have
an adequate remedy at law in seeking damages for breach of the
Agreement." (Doc. # 12 at 14).

Plaintiff Borrower, on the other hand, rightly submits
that it has the right to plead in the alternative or even
inconsistently under Rule 8(d) of the Federal Rules of Civil
Procedure.  The Court declines to dismiss Borrower's count for
injunctive relief on the basis of Borrower's election to
assert complaint counts in the alternative.

### 4. Action for an Accounting

"Under Florida law, a party that seeks an equitable

accounting must show that: (1) the parties share a fiduciary relationship or that the questioned transactions are complex, and (2) a remedy at law is inadequate." Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1071 (11th Cir. 2007). Lender argues that Borrower's action for an accounting must fail because (1) Section 6.1 of the Agreement states that there is no fiduciary relationship between the parties, and Borrower did not allege in the complaint a "complex" transaction and (2) Borrower failed to establish the absence of an adequate remedy at law.

The Court does not agree with the Lender on these points. First, as described earlier in this Order, Borrower has alleged that the parties are in a "confidential relationship" and, indeed, the parties can be deemed to be in such a relationship because the Lender was entrusted with the $8,805,053.58 in Restoration Proceeds, for the benefit of Borrower. (Doc. # 7 at ¶ 76). In addition, the Court finds that the transaction is complex. The Agreement upon which this suit is predicated is comprised of 37 pages of fine print, plus a schedule of equally complex exhibits. (Doc. # 7-1-7-3).

Furthermore, Plaintiff Borrower has alleged that it lacks an adequate remedy at law, (Doc. # 7 at ¶ 69), and Borrower is

permitted to plead claims for equitable relief in the alternative to Borrower's claims for damages at law.

**D.    Conclusion**

The Court has reviewed the sufficiency of each complaint count against the arguments in the Motion and determines that the Motion is due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant's Motion to Dismiss Second Amended Complaint (Doc. # 12) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of May 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record