UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CFBP, LLC,

  Plaintiff/Counter-
  Defendant,

v.         Case No. 8:09-cv-2322-T-33AEP

U.S. BANK, NATIONAL ASSOCIATION,

  Defendant/Counter-
  Plaintiff,
_____/

U.S. BANK, NATIONAL ASSOCIATION,

  Third Party Plaintiff,

v.

DIRAN ALEXANIAN,

  Third Party Defendant.
_____/

<u>**ORDER**</u>

  This matter is before the Court pursuant to defendant/counter-plaintiff U.S. Bank, National Association's Motion to Sequester Rents (Doc. # 30), filed on October 11, 2010.  Plaintiff/counter-defendant CFBP, LLC filed its Verified Response in Opposition (Doc. # 33) on October 29, 2010.  For the reasons that follow, the Motion is granted.

**I.** <u>**Background**</u>

  U.S. Bank moves this Court to issue an order sequestering the rents collected by CFBP from the real property that is the subject of U.S. Bank's commercial mortgage foreclosure counterclaim.  (Doc. # 30 at 2).  According to U.S. Bank, CFBP defaulted under the

parties' loan documents by: "(1) improperly and unlawfully depositing certain insurance proceeds into [CFBP's] bank account and (2) failing to make its debt service payment due January 11, 2010 and all payments due thereafter." Id.

U.S. Bank asserts that pursuant to the parties' mortgage and security agreement dated February 21, 2007, and an assignment of leases and rents also dated February 21, 2007, CFBP pledged and assigned all rents from the real property to U.S. Bank as security for payment of a note. Id. at 3. Section 1.2 of the mortgage and security agreement provides:

> ASSIGNMENT OF RENTS. Borrower hereby absolutely and unconditionally assigns to Lender Borrower's right, title and interest in and to all current and future Leases and Rents; it being intended by Borrower that this assignment constitutes a present, absolute assignment and not an assignment for additional security only. Nevertheless, subject to the terms of this Section 1.2 and Section 3.6, Lender grants to Borrower a revocable license to collect and receive the Rents, which license shall be automatically revoked upon the occurrence of an Event of Default (as hereinafter defined). Borrower shall hold the Rents, or a portion thereof sufficient to discharge all current sums due on the Debt, for use in the payment of such sums.

(Doc. # 1-2 at 7). On February 16, 2010, after CFBP's alleged default, U.S. Bank sent CFBP a written notice demanding that the rents be paid to U.S. Bank. (Doc. # 30 at 3).

In contrast, CFBP asserts that it is not in default of the mortgage and security agreement because U.S. Bank committed the first material breach of the agreement by refusing to release

certain insurance proceeds to CFBP.   (Doc. # 33 at 1-2). Alternatively, CFBP requests that the Court order the sequestration of rents only for the projected annual property taxes and property insurance from February 16, 2010, to present in the amount of $25,000 per month.   (Doc. # 33 at 5-6).[1]

## II. __Analysis__

In this diversity case, the Court applies the substantive law of the forum state- here, Florida- unless federal law compels a contrary result.   Technical Coating Applicators, Inc. v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998).   This Court must apply Florida law in the same manner that the Florida Supreme Court would apply it.   See Brown v. Nichols, 8 F.3d 770, 773 (11th Cir. 1993).

Section 697.07(4), Florida Statutes, allows for the sequestration of rents prior to the final adjudication of a foreclosure action.   Unless the lender and borrower have a written agreement to the contrary, an assignment of rents provision becomes enforceable upon the borrower's default and the lender's written demand for the rents.   Fla. Stat. § 697.07(3).   Specifically, the statute provides that "a court of competent jurisdiction, pending

---

[1] Relatedly, on April 18, 2011, CFBP submitted an unauthorized supplemental response to the Motion.   (Doc. # 55).   Pursuant to Local Rule 3.01(c), "[n]o party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave."   As CFBP neither sought nor received leave to file its supplemental response, the Court hereby strikes the pleading for failure to comply with the Local Rules.

final adjudication of any action, may require the mortgagor to deposit the collected rents into the registry of the court, or in such other depository as the court may designate." Fla. Stat. § 697.07(4).

CFBP argues that a court may refuse to compel the deposit of rents pending final adjudication where it determines that there is a bona fide dispute between the parties as to whether the borrower is in default of the mortgage, Whud Real Estate Ltd. P'ship v. Oak Grove, Ltd., 699 So. 2d 842, 842-43 (Fla. 3d DCA 1997), and where the court determines that the borrower presents a strong defense to the foreclosure action. Nat'l Loan Investors, L.P. v. Joymar Assocs., 812 So. 2d 582, 582 (Fla. 3d DCA 2002). CFBP contends that because U.S. Bank allegedly committed the first breach of the parties' mortgage and security agreement, CFBP is discharged from its liability under the agreement. (Doc. # 33 at 2-3). However, CFBP fails to submit any support for the application of this general contract theory in the context of a mortgage and security agreement. Accordingly, at this juncture, the Court cannot conclude that CFBP has presented a strong defense to the foreclosure action.

The parties' mortgage and sale agreement provides for the assignment of rents. (Doc. # 1-2 at 7). Pursuant to Florida Statute section 697.07(3), the assignment of rents provision became enforceable upon CFBP's default and U.S. Bank's February 16, 2010,

4

written demand.  Fla. Stat. § 697.07(3).  The Court therefore finds that the provisions of Florida Statute section 697.07 have been met.  In order to preserve the rents until the claims at issue can be determined, the Court determines that it is appropriate to sequester the rents.

The only remaining determination is the amount of rents to sequester.  While CFBP argues for less than full sequestration of the rents, U.S. Bank notes that the parties' agreement designates that CFBP "absolutely and unconditionally assigns to [U.S. Bank] [CFBP's] right, title and interest in and to **all** current and future Leases and Rents . . . ."  (Doc. # 1-2 at 7)(emphasis added).

Pursuant to the parties' agreement and Florida Statute section 697.07, the Court requires CFBP to deposit into the registry of the Court within seven days of the date of this Order all rents in its possession or control at the time of U.S. Bank's February 16, 2010, demand to the present date.  In addition, CFBP shall deposit into the registry of the Court within seven days after receipt of such rents all rents collected hereafter, less payment of any expenses authorized by U.S. Bank in writing.  At this juncture, the Court will not require CFBP to file monthly reports accounting for the disposition of the rents.  However, should it become necessary because rent payments are not made, or should other issue arise, CFBP may be directed to file monthly reports with U.S. Bank.

Accordingly, it is

5

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  U.S. Bank, National Association's Motion to Sequester Rents (Doc. # 30) is **GRANTED.**

(2)  Within seven days of the date of this Order, CFBP shall deposit into the registry of the Court all rents in its possession or control at the time of U.S. Bank's February 16, 2010, demand to the present date.

(3)  CFBP shall deposit into the registry of the Court within seven days after receipt of such rents all rents collected hereafter, less payment of any expenses authorized by U.S. Bank in writing.

(4)  At this juncture, the Court will not require CFBP to file monthly reports accounting for the disposition of the rents. However, should it become necessary because rent payments are not made, or should other issue arise, CFBP may be directed to file monthly reports with U.S. Bank.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>2nd</u> day of May, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record

6