# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CFBP, LLC, a Florida limited liability company,

      Plaintiff/Counter-Defendant,

                                  CASE NO.:  8:09-cv-2322-T-33AEP

v.

U.S. BANK, NATIONAL ASSOCIATION, a
national banking association, in its capacity as
successor to LaSalle Bank National Association,
as trustee for the registered holders of LB-UBS
Commercial Mortgage Trust 2007-C2, Commercial
Mortgage Pass-Through certificates, Series 2007-C2,

      Defendant/Counter-Plaintiff,

_____/

U.S. BANK, NATIONAL ASSOCIATION, a
national banking association, in its capacity as
successor to LaSalle Bank National Association,
as trustee for the registered holders of LB-UBS
Commercial Mortgage Trust 2007-C2, Commercial
Mortgage Pass-Through certificates, Series 2007-C2,

      Third-Party Plaintiff,

v.

DIRAN ALEXANIAN, an individual,

      Third-Party Defendant.

_____/

## AGREED FINAL JUDGMENT OF FORECLOSURE *IN REM*

     **THIS CAUSE** came before the Court on Defendant/Counterclaim Plaintiff, US BANK,

NATIONAL ASSOCIATION, in its capacity as successor to LaSalle Bank National Association

as trustee for the registered holders of LB-UBS Commercial Mortgage Trust 2007-C2,

Commercial Mortgage Pass-Through certificates, Series 2007-C2 ("Counterclaim Plaintiff"), Plaintiff/Counterclaim Defendant CFBP, LLC ("CFBP, LLC") and Third Party Defendant, Diran Alexanian's (Third Party Defendant) Joint Motion and Stipulation for Entry of Order Appointing Receiver and Final Judgment of Foreclosure against CFBP, LLC, and the Court having been advised that the parties agree to the entry of this final judgment, and there being no issues raised by any other party to prevent the entry of final foreclosure judgment in this case, and having reviewed the pleadings on file and being otherwise fully advised in the premises, it is hereby

ORDERED, ADJUDGED, and DECREED:

1.      This Final Judgment of Foreclosure is hereby **GRANTED** against CFBP, LLC.

2.      A monetary default exists under the loan documents which are the subject of Counterclaim Plaintiff's foreclosure claim, and as a result of the default, Counterclaim Plaintiff is entitled to foreclose its interest, lien, and encumbrance under the loan documents and is entitled to exercise and avail itself of all *in rem* rights and remedies provided therein upon default, including the sale of the Property and to have the proceeds of such sale applied toward the sums due to Counterclaim Plaintiff under the loan documents.

3.      In a Mediated Settlement Agreement dated August 12, 2011, Counterclaim Plaintiff agreed to pay CFBP, LLC, $5,950,000 from insurance proceeds relating to a fire that destroyed one of the buildings (the "Destroyed Building") that is included in the Property. CFBP, LLC, accordingly relinquished its rights and the Counterclaim Plaintiff forgave $1,300,000 of the loan balance attributable to the Destroyed Building.

4.      There is now due and owing to Counterclaim Plaintiff, under the loan documents the amount of $31,332,880.43, (Thirty One Million Three Hundred Thirty Two Thousand Eight

Hundred Eighty Dollars and Forty Three Cents) plus post-judgment interest pursuant to 28 U.S.C. § 1961.

5.      Counterclaim Plaintiff holds a lien for the total sum set forth in Paragraph 4 above superior to any claim of  CFBP, LLC and all persons claiming under or against the following described real property, and any personal property thereon (collectively, the "Property") in Polk County, Florida:

**SEE ATTACHED EXHIBIT "A"**

6.      Pursuant to, and on the terms set forth in the Mediated Settlement Agreement, Counterclaim Plaintiff has relinquished the right to pursue and recover monetary damages from either CFBP, LLC, or Diran Alexanian.

7.      If the total sum with interest at the rate described in Paragraph 4 above and all costs accrued subsequent to this Judgment are not paid, the real and personal property identified in Paragraph 5 above shall be sold by Heritage Global Partners (the "Auctioneer") by public auction on the 29th day of September, 2011, at 10 a.m. to the highest bidder for cash at Polk County Courthouse, 255 N. Broadway Ave., Bartow, FL 33830, pursuant to 28 U.S.C. §§ 2001(a) and 2004, and pursuant to this Final Judgment.  Any bidder, other than Counterclaim Plaintiff, its wholly owned subsidiary or any assignee of either, shall be required to deposit 20% of its bid amount at time of sale, and to pay the remainder of the bid amount by 4 o'clock p.m.. Counterclaim Plaintiff shall be entitled to bid up to full credit against the sums specified in paragraph 4 of this Final Judgment.

8.      Counterclaim Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Auctioneer if Counterclaim Plaintiff is not the purchaser of the property for sale.   If Counterclaim Plaintiff is the purchaser, Auctioneer shall credit

Counterclaim Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment, or such part of it as is necessary to pay the bid in full.  If Counterclaim Plaintiff is not the highest bidder at the time of the sale, the highest bidder shall be required to pay, in addition to such highest bid, the State of Florida documentary stamps to be affixed to the Bill of Sale, the Auctioneer sale fee and any registry fees charged by the Auctioneer.  Should Counterclaim Plaintiff or an agent of Counterclaim Plaintiff fail to appear at the foreclosure sale, the Auctioneer is ordered to cancel the sale with jurisdiction being reserved by this Court to reset the foreclosure sale for another date.  Should the highest bidder at the sale fail to tender the full bid amount in a timely manner, the property shall be sold to the next highest bidder timely tendering said next highest bidder's full bid amount, without the necessity of any further sale or advertising.

9.      Upon the conclusion of the sale, and payment of all sums owed pursuant to the sale, and to this Final Judgment, the Auctioneer shall issue to the winning bidder a Certificate of Title for the subject property, and shall cause said Certificate of Title to be recorded in the Public Records of Polk County, Florida.  On issuance of the Certificate of Title, the Auctioneer shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Counterclaim Plaintiff's costs, including the Auctioneer's advertising and sale-related fees; second, documentary stamps affixed to the Certificate of Title; and third, the total sum due to Counterclaim Plaintiff, plus interest at the rate prescribed in Paragraph 4 above from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

10.     On issuance of the Certificate of Title, CFBP, LLC, and all persons claiming under or against it since the filing of the notice of lis pendens shall be foreclosed of all estates or claims in the property and the purchaser at the sale shall be let into possession of the property.

11.     If this property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to this Final Judgment.

12.     All subordinate lienholders claiming a right to funds remaining after the sale, must file a claim with the Counterclaim Plaintiff no later than sixty (60) days after the sale.  The failure to file a claim will waive any right to remaining funds.

13.     All sums advanced by the Counterclaim Plaintiff for insurance, necessary repairs and taxes not included in this Final Judgment of Foreclosure *In Rem* may be added to the Final Judgment of Foreclosure *In Rem* by order at any time after its entry.

14.     The true and correct physical address of Counterclaim Plaintiff is c/o LNR Partners, LLC, 1601 Washington Ave, Suite 700, Miami Beach, FL  33139, Attention:  Arne Shulkin.

15.     Jurisdiction of this action is retained to enter further Orders that are proper and necessary, including an order confirming the sale and the title issued pursuant thereto.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of August, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Kevin A. Ashley, Esq.
Kimberly A. Ashby, Esq.
Margaret Mathews, Esq.
Philip R. Stein, Esq.
Eugene Polyak, Esq.